BOYER, Judge.
This appeal is from a final judgment entered by the trial court in an action brought by several individual fishermen and the Organized Fishermen of Florida against the Governor and Cabinet, as head of the Department of Natural Resources and various lower level administrators of the Department of Natural Resources, the Division of Marine Resources and the Marine Patrol, by which action the complainants attacked the constitutionality of 102 local acts or special acts of the legislature, seeking declaratory and injunctive relief. The challenged acts are, with the exception of Chapter 370, F.S., local laws or special acts of county-wide application, which purport to regulate the type, size and use of fishing nets and the regulation of certain fishing areas, all within the three-mile limit along the Atlantic coast and in the Florida Keys and out to 10.6 miles in the Gulf of Mexico. The primary thrust of plaintiffs’ attack is that such local acts constitute an unreasonable interference with interstate commerce and that they are an unconstitutional exercise of police power. The learned trial judge, noting that acts of the legislature are presumed constitutional, held that the plaintiffs had failed to carry their burden of proving to the contrary.
Careful reading of the final judgment reveals that the trial court did not pass directly upon the validity of the subject statutes, but only held that the plaintiffs had failed to meet their burden of proving them to be unconstitutional. Accordingly this court, and not the Supreme Court, has jurisdiction (Fla.App.Rules 2.1(5)(a) and 2.2(a)(4) and Art. V, Sec. 5(3), Constitution of Florida).
It is axiomatic that legislative acts are presumed valid and that the burden is upon the party who assails an act to prove invalidity. Sub judice 102 acts were assaulted. A reading of the record reveals that most of the plaintiffs’ (appellants here) evidence was directed toward the acts in mass although it is apparent that some of that evidence could not have applied to some of the specific acts under attack. The burden was upon the plaintiffs to establish the invalidity of each act separately. Accordingly, we agree with the finding of the trial judge that the plaintiffs failed to meet their burden of proof. We do not construe the final judgment here appealed to be a holding that the subject acts are constitutional and that the final judgment is therefore res adjudicata to any further attack upon their validity.
In summary, we affirm that the plaintiffs failed to meet their burden of proof as to each individual act assailed.
AFFIRMED.
McCORD, C. J., and MASON, ERNEST E., Associate Judge, concur.